TENENBAUM et al. v. FEINSTEIN et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

SALES ☞181—DELIVERY—WEIGHT AND SUFFICIENCY OF EVIDENCE.
　　In an action for the price of goods, which defendants claimed were never delivered, a verdict for defendants *held* contrary to the preponderance of the evidence.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. ☞181.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Solomon Tenenbaum and others against Carl Feinstein and another. From a judgment for defendants, after a trial by a judge without a jury, plaintiffs appeal. Reversed, and new trial granted.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leopold Freiman, of New York City, for appellants.

Samuel S. Breslin, of New York City, for respondents.

BIJUR, J. Plaintiffs sue for the agreed value of two pieces of peau de cygne. Plaintiffs' claim is that defendants, on two successive days, wanted to buy moire, which class of goods, however, was so much in demand that plaintiffs refused to sell defendants moire without peau de cygne; that the terms for the moire were cash, but for the peau de cygne credit. Defendants, however, deny the negotiations as testified to by plaintiffs, or that the two lots of peau de cygne were ever delivered.

In this condition of the evenly balanced testimony, there must be weighed the testimony of a former employé of the plaintiffs, who said that he delivered the peau de cygne on the dates mentioned, and plaintiffs produced the undenied signature of the defendants on two receipts for two separate packages of peau de cygne. The messenger explained that he received the cash for the moire and took the receipts for the peau de cygne each time. Defendants offered no satisfactory explanation of the signature on the receipts, except that they did not read them.

I feel that, under the circumstances, the judgment must be reversed, and new trial granted, with costs to appellant to abide the event. All concur.